**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESSIE F. TRUITT, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-475-J |
| DR. PATTI STEM, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges the following claims: (1) violation of the Eighth Amendment based upon Defendants' refusal to clean his cell or allow him to clean his cell; (2) violation of his right of access to the courts resulting from the limitation of his legal time; and (3) violation of due process resulting from a lowered rating on a Behavior Anchor Rating scale without a hearing. This matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636. [Doc. No. 4]. The referral was subsequently transferred to United States Magistrate Judge Amanda Maxfield Green. [Doc. No. 35]. On September 9, 2021, Judge Green issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted and Plaintiff's claims be dismissed without prejudice to re-filing. [Doc. No. 53]. On October 8, 2021, the Court referred this case to Judge Green to address the issue of Plaintiff's alleged failure to exhaust administrative remedies. [Doc. No. 58]. On November 17, 2021, Judge Green issued a Supplemental Report and Recommendation recommending Plaintiff's Eighth Amendment claim be dismissed as moot and summary judgment be granted as to Plaintiff's due process claim. [Doc. No. 62]. Plaintiff has

filed timely objections to the Report and Recommendation and the Supplemental Report and Recommendation. [Doc. Nos. 54, 61, and 66].

Plaintiff asserts a claim for violation of his Eighth Amendment rights based upon Defendants alleged refusal to clean Plaintiff's cell or to allow Plaintiff to clean it. For relief, Plaintiff requests the Court "to order the prison & prison staff to follow policy & to clean cell 3 times a week." Amended Complaint [Doc. No. 25] at 9. In his response to the September 9, 2021 Report and Recommendation, Plaintiff states: "They now allow us to get our cells clean in the B.M.U. program so my argument is now moot." [Doc. No. 61] at 2. Accordingly, the Court concurs with Judge Green's recommendation that Plaintiff's Eighth Amendment claim be dismissed as moot.

Plaintiff also asserts a claim for violation of his right of access to the courts resulting from the limitation of his legal time. Judge Green recommended that this claim be dismissed because Plaintiff has not sufficiently alleged an actual injury to support his claim. Plaintiff objects and asserts that he has sufficiently alleged a claim. There is not "an abstract, freestanding right to a law library or legal assistance". *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . the inmate [ ] must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Having reviewed Plaintiff's Amended Complaint, the Court concludes that Plaintiff has not sufficiently stated an actual injury to support his claim for violation of his right of access to the courts and that this claim should be dismissed.

Finally, Plaintiff asserts a due process claim. Judge Green recommended that summary judgment be granted as to this claim because Plaintiff failed to exhaust his administrative remedies

as to this claim. Plaintiff objects and asserts that he did exhaust his administrative remedies. Having reviewed the relevant filings, the Court concurs with Judge Green's finding that Plaintiff has failed to exhaust his administrative remedies as to this claim.

Accordingly, the Court:

(1) ADOPTS in part the September 9, 2021 Report and Recommendation [Doc. No. 53];

(2) ADOPTS the November 17, 2021 Supplemental Report and Recommendation [Doc. No. 62];

(3) GRANTS in part Defendants' Motion to Dismiss [Doc. No. 46];

(4) DISMISSES Plaintiff's Eighth Amendment claim as MOOT;

(5) DISMISSES Plaintiff's right of access to the courts claim without prejudice, and

(6) GRANTS Defendants summary judgment as to Plaintiff's due process claim.

IT IS SO ORDERED this 10th day of January, 2022.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE